O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORDELIZA ESCANO, MARILA P. MAXIMO, JOEL T. CATUBLAS on behalf of themselves and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>KINDRED HEALTHCARE OPERATING COMPANY, INC., a Delaware corporation; KINDRED HEALTHCARE INC., a Delaware corporation; SPECIALTY HOSPITALS OF SOUTHERN CALIFORNIA, a business form unknown,<br><br>           Defendants. | Case No. CV 09-04778 DDP (CTx)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Docket No. 60] |

    Presently before the court is Defendants' Motion for Partial Summary Judgment ("Motion"). Having reviewed the parties' moving papers and heard oral argument, the court denies the Motion in part, grants the Motion in part, and adopts the following Order.

///

///

## I. BACKGROUND

Plaintiffs worked at various health care facilities in Southern California, allegedly operated by Defendants. On November 6, 2009, Plaintiffs filed a First Amended Complaint, alleging that Defendants violated various state wage-and-hour laws. Defendants filed this Motion on November 7, 2011, requesting summary judgment on Plaintiff Maximo's meal and rest period claims, and Plaintiffs' claim for violations of California Labor Code section 226.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Id. at 248. No genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not enough for a party opposing summary judgment to "rest on mere allegations or denials of his pleadings." Anderson,

1  477 U.S. at 259.  Instead, the nonmoving party must go beyond the
2  pleadings to designate specific facts showing that there is a
3  genuine issue for trial.  Celotex, 477 U.S. at 325.  The "mere
4  existence of a scintilla of evidence" in support of the nonmoving
5  party's claim is insufficient to defeat summary judgment.
6  Anderson, 477 U.S. at 252.  "Credibility determinations, the
7  weighing of the evidence, and the drawing of legitimate inferences
8  from the facts are jury functions, not those of a judge [when he or
9  she] is ruling on a motion for summary judgment."  Id. at 255.

**III. DISCUSSION**

    **A.   Rest Period Claim**

Plaintiff Maximo ("Maximo") does not oppose Defendants' request for summary judgment on her rest period claim.  (Pls.' Opp'n to Mot. ("Opp'n") at 2.)  The court therefore grants Defendants' Motion on this cause of action.

    **B.   Meal Period Claim**

California Labor Code ("Labor Code") section 512(a) typically requires employers to "provid[e]" an "employee with a meal period of not less than 30 minutes," when the employee works for "a period of more than five hours" in a day.  Employees are entitled to a second meal period if they work more than ten hours in a day, "except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee."  Id.; see also Cal. Code Regs. tit. 8, § 11050(11)(D) (stating that "employees in the health care industry who work shifts in excess of eight (8) total hours in a workday may voluntarily waive their right to one of their two meal periods," but that the waiver must be in writing and revocable).

Labor Code section 226.7 further provides that "[n]o employer shall require any employee to work during any [mandatory] meal . . . period," and that employers must pay an employee "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal . . . period is not provided."[1] Id. § 226.7(a)-(b); see also Cal. Code Regs tit. 8, § 11050(11)(A) ("Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.").

Defendants contend that there is no dispute that their policies and practices comply with California's meal period requirements.  (Mot. at 9-10.)  In response, Plaintiffs argue that there are a number of genuine issues of material fact, including whether Defendants sometimes interrupted and shortened Maximo's meal periods by requiring her to return to work to attend to patient needs.  (Opp'n at 3-4.)  The court agrees with Plaintiffs.[2]

---

[1] The California Supreme Court is also now reviewing a number of appellate decisions addressing meal period requirements. See, e.g., Brinker Rest. Corp. v. Super. Ct., 80 Cal. Rptr. 3d 781 (2008), review granted, 85 Cal. Rptr. 3d 688 (2008).

[2] Plaintiffs also argue that there are genuine disputes as to whether Defendants violated California meal period law, because: 1) Plaintiffs did not always receive a meal period within their first five hours worked; 2) Maximo's waiver of a second meal period was not voluntary; 3) even if voluntary, Maximo could not have waived the second meal period on days she worked more than twelve hours; and 4) when Defendants did compensate missed meal periods, they paid employees an hour of wages at their base rate of pay, rather than their regular rate of pay.  (Opp'n at 3-4.)  Because the court denies Defendants' Motion on other grounds, it is not necessary to
(continued...)

In denying the existence of a genuine factual dispute, Defendants did not accurately characterize Maximo's deposition testimony. In relevant part, Maximo testified as follows:

```
Q.   [Was there e]ver any time that somebody told you you
     had to come back early from your meal period?
A.   Yes.
Q.   How many times did that happen?
A.   I don't remember.
Q.   Can you give me an estimate?
A.   I don't remember.
Q.   Can you give me an example of a situation where that
     happened?
A.   When you're taking breaks and the -- the supervisor
     needs you to be in the floor because everybody's busy or --
     and then they -- they -- you have to go back to your duty.
. . . .
Q.   But you can't give me an estimate of how many times
     that happened during your work at the Santa Ana hospital?
A.   I cannot.
Q.   Can you give me a range of times that it may have
     happened?
A.   Different times.
Q.   Can you give me a range, like it happened between five
     and ten times?
A.   No.
Q.   You just can't remember at all.  You know it happened
     at some point.  You just can't remember how many times?
A.   Yes.
Q.   All right.  Can you remember any specific dates when
     that happened?
A.   No.
Q.   Did that happen throughout the time that you worked at
     the Santa Ana hospital?
A.   Yes.
Q.   So from 1997 through 2008, there would be times when
     your supervisor would page you and you'd have to come back
     early from a meal period?
A.   Yes.
Q.   Can you recall whether those times happened in 2008?
A.   I cannot recall how many times.
Q.   Can you recall any times that it happened in 2008?
A.   No.
Q.   Can you recall any times it happened in 2007?
A.   No.
Q.   Can you recall any time it happened in 2006?
A.   No, because it -- no.
```

---

[2](...continued)
resolve these additional issues.  Further, the parties have not briefed all of these issues in detail, and some may be impacted by the California Supreme Court's forthcoming decision in <u>Brinker</u>.

```
     Q.   Can you recall any time it happened in 2005?
     A.   No.
     Q.   2004?
     A.   No.
```

(Decl. of Joanna Sattler in Supp. of Mot. ("Sattler Decl."), Ex. A at 27-29.)

Citing this exchange, Defendants state in their Motion: "Maximo testified that none of the interruptions she described occurred between 2004 and when her employment ended, in 2008, meaning that she never had a meal interrupted during the [statute of] limitations period." (Mot. at 10.) This description is not accurate. To the contrary, Maximo affirms that she was called back early from meal periods "throughout the time" that she worked at the hospital, including "from 1997 through 2008." It is only after repeated questioning on specific dates and numbers of instances that Maximo first responds that she "cannot recall how <u>many</u> times" she was called back early from a meal period in 2008, then answers "no," that she could not recall "any time it happened in 2008," 2007, down through 2004. Thus, Maximo's testimony clearly means that she cannot recall particular instances when her meal periods were interrupted during those - or, presumably, any other - years, not that no interruptions took place.

Accordingly, Maximo has alleged in both her deposition and declaration that Defendants sometimes required her to take meal periods shorter than thirty minutes, throughout her years of employment.[3] Further, it is irrelevant that Defendants may have

---

[3] The court does not hereby comment on the appropriate standard for determining whether an employer has "provided" a meal period under California law - a standard likely to be established by the California Supreme Court in its review of <u>Brinker</u>.

6

told Maximo "to take another meal period for the amount of time missed after the interruption was resolved." (Mot. at 5.) Under California law, the remedy for failing to comply with meal period requirements is one hour of pay at the employee's regular rate of compensation.[4] Neither any legal authority nor common sense support Defendants' suggestion that employers might instead remedy a legally inadequate 20-minute meal period by later providing an equally deficient 10-minute meal period. There is therefore a genuine issue of material fact as to whether Defendants violated Labor Code section 512(a), and the court denies Defendants' Motion for summary judgment on Maximo's meal period cause of action.

### C.  Wage Statement Claim

Plaintiffs also allege that Defendants intentionally and knowingly failed to provide them with an itemized wage statement meeting the requirements of Labor Code section 226 ("Section 226"). Defendants correctly note that "an employee may not recover for violations of Section 226(a) unless he or she demonstrates *an injury* arising from the missing information." Price v. Starbucks Corp., 192 Cal. App. 4th 1136, 1142-43 (2011) (stating also that "'deprivation of that information,' standing alone is not cognizable injury").[5] The court finds, however, that there is a genuine issue of material fact as to this injury requirement.

As the court helpfully summarized in McKenzie v. Fed. Express Corp.:

---

[4] Defendants do not allege meeting the requirements for "on duty" meal periods. See Cal. Code Regs tit. 8, § 11050(11)(A).

[5] Plaintiffs inappropriately ask the court to reconsider this requirement, already established by the California courts.

7

> [Price] went on to explain that "mathematical injury that requires computations to analyze whether the wages paid in fact compensated [the employee] for all hours worked" is sufficient to establish injury. [192 Cal. App. 4th at 1143] (internal quotation omitted). Specifically, the court noted that this can be proven if the injury arises "from inaccurate or incomplete wage statements," which require the plaintiff to engage "in discovery and mathematical computations to reconstruct time records to determine if they were correctly paid." Id. (citations omitted). Likewise, the California Court of Appeals in Jaimez v. DAIOHS USA, Inc., noted that "[w]hile there must be some injury in order to recover damages [under § 226(e)], a very modest showing will suffice." 181 Cal. App. 4th 1286, 105 Cal. Rptr. 3d 443, 460 (2010). The court further explained that "'this lawsuit, and the difficulty and expense [the plaintiff has] encountered in attempting to reconstruct time and pay records,' may well be 'further evidence of the injury' he has suffered." Id. (quoting Wang v. Chinese Daily News, Inc., 435 F. Supp. 2d 1042, 1050 (C.D. Cal. 2006)).

275 F.R.D. 290 (C.D. Cal. 2011); see also Elliot v. Spherion Pac. Work, LLC, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008) (cited by Price approvingly and citing cases finding injuries such as "the possibility of not being paid overtime" and "employee confusion over whether they received all wages owed them").

    Here, Plaintiffs' deposition testimony and wage statements provide sufficient evidence from which a reasonable trier of fact could find that Plaintiffs were injured by the missing information. In her deposition, Plaintiff Maximo basically testified that she could not recall any details about her alleged calls to "payroll" to question the calculations on her paychecks. (Sattler Decl., Ex. A at 46-51.) Although unhelpful to Plaintiffs, this is not inconsistent with Maximo's later statement that she never understood her "very confusing" paychecks, had trouble computing her pay, and therefore incurred costs retaining

8

legal counsel to determine whether she had been underpaid. (Decl. of Marila Maximo in Supp. of Opp'n ¶ 5.)

Plaintiff Penny Burney also testified that she contacted payroll regarding initial confusion, but that payroll adequately explained her pay stubs. Burney further testified that some information on her pay stubs may have been inaccurate, although she could not remember the specifics without looking at them. (Sattler Decl., Ex. C at 77-79.)

More relevant, Plaintiff Flordeliza Escano testified that she reviewed her pay stubs and found inaccuracies, such as miscalculated paid time off and overtime hours, nonpayment of worked hours, and discrepancies in shift differential pay rates. For instance, as Escano described the latter: "Well that is for -- for working night shift as compared to working day shift. You get that extra -- sometimes it's $3. Sometimes it's 2.50. I -- that's why I -- I'm confused. Which one is it really? I don't know." When Escano called payroll about these problems, most recently in 2008, they simply told her that the calculations were correct. (Sattler Decl., Ex. B at 57-58, 60-65.)

Finally, as Plaintiffs allege, the paycheck stubs themselves do not list total hours worked, or the rates of pay for each of the dozen or so apparent types of work hours. (Decl. of Janelle Carney in Supp. of Opp'n, Exs. 2-4.) See Cal. Labor Code § 226(a)(2) & (9).

Based on all the above, a reasonable trier of fact could find that the missing information injured Plaintiffs by making it difficult and costly for them to determine whether they

9

1  were correctly paid.  In particular, the absence of total
2  hours worked and specific pay rates may have been especially
3  confusing to Plaintiffs, given the notable complexity of the
4  paycheck stubs and types of work hours.  Further, at least one
5  Plaintiff clearly testified that even the information provided
6  was sometimes incorrect and inconsistent.  Given this evidence
7  of both incomplete and inaccurate information, a reasonable
8  factfinder might credit Plaintiffs' allegations that they
9  could not understand their paychecks or determine whether they
10 were being paid properly, forcing them to seek legal
11 assistance to make the calculations.  As explained, such
12 injuries are sufficient under Price to establish a Section 226
13 claim.  The court therefore denies Defendants' Motion as to
14 this cause of action.

**IV.  CONCLUSION**

In sum, for the reasons stated above, the court denies Defendants' Motion for Partial Summary Judgment as to Plaintiff Maximo's fifth cause of action for missed meal periods and Plaintiffs' sixth cause of action for violations of California Labor Code section 226, and grants Defendants' Motion as to Plaintiff Maximo's fourth cause of action for missed rest periods.

IT IS SO ORDERED.

Dated: January 12, 2012

DEAN D. PREGERSON
United States District Judge