Joseph Antonelli, Esq. (SB# 137039)
Janelle Carney, Esq. (SB# 201570)
LAW OFFICE OF JOSEPH ANTONELLI
14758 Pipeline Ave., Suite E., 2nd Floor
Chino Hills, CA 91709
Tel.: (909) 393-0223
Fax: (909) 393-0471

Kevin T. Barnes, Esq. (SB# 138477)
Gregg Lander, Esq. (SB# 194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Blvd., Suite 1460
Los Angeles, CA 90036
Tel.: (323) 549-9100
Fax: (323) 549-0101

Attorneys for Plaintiffs and all others similarly situated. (*Additional Plaintiffs' counsel listed on next page*)

**CLOSED**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION – LOS ANGELES)

| | |
|---|---|
| FLORDELIZA ESCANO, MARILA P. MAXIMO, JOEL T. CATUBLAS, and PENNY BURNEY, on behalf of themselves and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br>  v.<br>KINDRED HEALTHCARE OPERATING, INC., a Delaware Corporation, KINDRED HEALTHCARE, INC., a Delaware Corporation, SPECIALTY HOSPITALS OF SOUTHERN CALIFORNIA, a business form unknown, and DOES 1 through 100,<br><br>  Defendants<br><br>**RELATED TO:**<br><br>DEBBIE FITZPATRICK-SECKLER and RICHARD SILVA, individually and on behalf of all others similarly situated,<br>  Plaintiffs,<br>  v.<br>*(Defendants continued on next page)* | Case No.: CV 09-04778 DDP (RZx)<br><br>Honorable Dean D. Pregerson<br><br>CLASS ACTION<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS, AND CLASS REPRESENTATIVE ENHANCEMENTS**<br><br>Date: March 9, 2015<br>Time: 10:00 a.m.<br>Courtroom: 3- 2nd Fl.<br><br>Action Filed: June 1, 2009<br><br>[CAPTION CONTINUED] |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS**

KINDRED HEALTHCARE INC., KINDRED HEALTHCARE OPERATING GROUP, INC., KINDRED HOSPITALS WEST, L.L.C., KINDRED NURSING CENTERS WEST, L.L.C., THC-ORANGE COUNTY, INC. d/b/a KINDRED HOSPITAL WESTMINSTER, and DOES 1 through 100, INCLUSIVE,

Defendants.

*Additional counsel for Plaintiffs Flordeliza Escano, Marila P. Maximo, and Penny Burney:*

Steven Gold, Esq. (SB#137910)
THE GOLD FIRM™
Symphony Towers
750 "B" Street, Suite 3300
San Diego CA 92101
Tel: (619) 358-9344

David Boertje, Esq. (SB#225148)
LAW OFFICES OF DAVID BOERTJE
1808 Aston Avenue, Suite 240
Carlsbad, CA 92088
Tel: (619) 476-0901

*Counsel for Plaintiffs Debbie Fitzpatrick-Seckler and Richard Silva:*

W. Michael Hensley (SB# 90437)
ALVARADOSMITH, APC
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel.: (714) 852-6800
Fax: (714) 852-6899

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
Michael Palitz
KLAFTER OLSEN & LESSER LLP
2 International Dr., Suite 350
Rye Brook, New York 10573
Tel.: (914) 934-9200
Fax: (914) 934-9220

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS**

This matter came on for hearing on March 18, 2015 at 10:00 a.m., in Courtroom 3-2nd Fl. of the above-captioned Court on Plaintiffs' Motion for Final Approval of Class Action Settlement, the Stipulation and Settlement of Class Action Claims ("Settlement Agreement") and this Court's Order Granting Preliminary Approval of Class Action Settlement filed September 29, 2014.

In accordance with the Preliminary Approval Order, Class Members were given notice of the terms of the Settlement and particularly of the fact that each Class Member could claim their proportionate share of the settlement proceeds, by submitting a valid Identification Verification Form ("IVF"). Class Members were given the opportunity to submit a claim form, request exclusion, comment upon or object to the settlement or any of its terms. Having received and considered the proposed Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of Class Action Settlement heard on September 15, 2014, the Court grants final approval of the Settlement and HEREBY ORDERS AND MAKES THE FOLLOWING DETERMINATIONS:

1. Pursuant to the Order Granting Plaintiff's Motion for Conditional Certification of New Class Members and Preliminary Approval of Class Action Settlement filed September 29, 2014, a Notice describing the settlement was mailed to each of the 8,412 class members via first-class U.S. Mail. The Notice

1

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS**

1  informed the Class of the terms of the Settlement, their right to receive their
2  proportional share of the Settlement by submitting a timely and valid IVF, of their
3  right to request exclusion, of their right to comment upon or object to the
4  Settlement, and of their right to appear in person or by counsel at the final approval
5  hearing and to be heard regarding approval of the Settlement.

   Thereafter on December 19, 2014 the parties submitted a Stipulation to Permit a Corrective Notice to be mailed to all class members.  The corrective notice addressed the fact that the initial notice received was erroneous in regards to certain class members' individual settlement share and the Corrective Notice contained the correct individual settlement share.  This Corrective Notice was mailed on or about January 9, 2015 pursuant to the Court order entered on December 29, 2014.  Adequate periods of time were provided for each of these procedures. As a part of this notice process, zero (0) Class Members have requested exclusion and no objections or notices of intention to appear at the final approval hearing were filed and/or served on Counsel for the Parties.

   2.   The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of the Class. The Court finds and determines that the notice to the class as

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS**

was provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

3.  The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

4.  The Court finds and determines that Settlement payments to be paid to all members of the Class who submitted a timely and valid IVF as provided for by the Settlement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts to the participating Class Members in accordance with the terms of the Settlement Agreement.

5.  The Court finds and determines that the payment to be paid to the California Labor and Workforce Development Agency to satisfy alleged Labor Code violations pursuant to the California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in the sum of $225,000.00 is fair and reasonable. The Court hereby grants final approval to and orders the payment to Labor and Workforce Development Agency in accordance with the terms of the Settlement Agreement.

6.  The Court determines that the service award payments to Plaintiffs Flordeliza Escano and Marila P. Maximo in the sum of $25,000 each and to Penny Burney, Debbie Fitzpatrick-Seckler, and Richard Silva in the sum of $20,000.00

3

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS

each. This service payments are determined to be reasonable and fair under the circumstances of this case and for the work performed by the class representatives. Furthermore each class representative received compensation in exchange for a full release including waiver of all Civil Code § 1542 claims that the Class Representatives are providing.

7. Plaintiff's Motion for an Award of Reasonable Attorneys' Fees, Costs, and Expenses is hereby GRANTED. Plaintiff's efforts have resulted in the creation of a common fund in the amount of $16,500,000.00, and therefore awarding attorneys' fees on a percentage basis is appropriate. Plaintiff seeks 33-1/3% of the common fund, which is considered the benchmark in the Ninth Circuit. This case presents no special circumstances that would warrant a departure from the benchmark. Moreover, the result obtained by Plaintiffs is favorable. The average settlement award prior to any increase as a result of the distribution of unclaimed settlement amounts is $1,258.78.00. In view of the monetary benefit conferred on the settlement class, the Court finds the requested fee of 33-1/3%, or $5,500,000, to be fair and reasonable.

The Court finds that Class Counsel, having conferred a benefit on absent Class Members and having expended efforts to secure a benefit to the Class, is entitled to a fee and accordingly, the Court approves the application of Class

4

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS**

Counsel for $5,500,000 for their attorneys' fees, and up to $600,000.00 for their litigation expenses.

8. Cross-checking the $5,500,000.00 amount against Class Counsel's lodestar confirms the reasonableness of the fee award. Class Counsel's collective lodestar is not less than $3,355,935.70, at the time of filing the final approval papers seeking approval of class representative enhancements, attorneys' fees and costs filed on January 31, 2015. The hourly rates used to arrive at this figure are consistent with market rates and reasonable in light of the Class Counsel's skill, experience, and expertise. The Court is further satisfied that the number of hours expended on the litigation is reasonable. Dividing the requested fee by Class Counsel's current lodestar yields a 1.6 multiplier. Such a multiplier falls within the range of multipliers approved by courts within the Ninth Circuit.

9. Accordingly, Plaintiff shall recover, from the common fund established by the Stipulation and Settlement of Class Action Claims, $5,500,000 in and for attorneys' fees and up to $600,000 in costs and expenses. Those amounts shall be paid by the Claims Administrator to Class Counsel, divided as they shall direct.

10. The Court further approves payment of the fees and costs of the appointed claims administrator Rust Consulting, Inc., of $107,135.00 for services

rendered and to be rendered in connection with the completion of its duties pursuant to the terms of the Settlement.

11.     Defendant shall deliver the Maximum Settlement Amount of $16,500,000, within ten (10) business days of entry of this Final Approval Order, as awarded by the Court (pursuant to the Settlement Agreement), for Individual Settlement Payments, the Class Representative service award, attorneys' fees and litigation costs, the claims administration costs, and the PAGA Payment to the Labor and Workforce Development Agency are due to be paid.

12.     The Court further directs the Claims Administrator, to within fifteen (15) calendar days after Defendant delivers the $16,500,000.00, to disburse to those persons and entities referenced below, in the manner set forth, the following sums:

    a.   Individual Settlement Payment checks in accordance with the Settlement Agreement to those members of the Class who submitted a timely and valid IVF by U.S. First Class Mail, as calculated and approved by Rust Consulting, Inc.;

    b.   Class Representative Service Awards to Plaintiffs Flordeliza Escano and Marila P. Maximo for $25,000.00 each and to Penny Burney, Debbie Fitzpatrick-Seckler, and Richard Silva for $20,000.00 each, by check mailed to Class Counsel;

        c.      Attorneys' fees to Class Counsel, $5,500,000 by wire transfer, as directed by Class Counsel;

        d.      Litigation expenses to Class Counsel, up to $600,000.00 by wire transfer, as directed by Class Counsel;

        e.      PAGA Payment to the State of California Labor Workforce & Development Agency ("LWDA"), $225,000.00, by check to Counsel for Defendant for transmittal to the LWDA;

        f.      Claims Administration services to Rust Consulting, Inc., the sum of $107,135.00 for services rendered in connection with its duties and responsibilities to process claims and to disburse payments, respond to continuing inquiries from the class and the Parties in order to conclude its duties and responsibilities pursuant to the settlement.

13.    The Court retains jurisdiction over the administration and effectuation of the Settlement including, but not limited to, the ultimate disbursal to the participating Class Members, payment of attorneys' fees and costs, the enhancement award to the Class Representative, and the claims administration expenses and other issues related to this Settlement.

7

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS**

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

15. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this Order, including the requirement that Defendant make payments to participating Class Members in accordance with the Settlement.

16. The Court hereby enters final judgment in this case accordance with the terms of the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement, and this Order Granting Final Approval of the class action Settlement.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

Dated:  April 02, 2015

Hon. Dean D. Pregerson,
UNITED STATES DISTRICT JUDGE

8

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR CLASS REPRESENTATIVE ENHANCEMENTS, ATTORNEYS' FEES AND COSTS